Filed 9/19/14  P. v. Kraich CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANE FEL KRAICH,<br><br>        Defendant and Appellant. | A140365<br><br>(Mendocino County<br>Super. Ct. No. SCUKCRCR 12-20608-2) |

Dane Fel Kraich appeals from a judgment following his guilty plea as a result of a negotiated disposition.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal. We conclude there are no issues requiring further review and affirm.

**BACKGROUND**

On the evening of Valentine's Day 2012, following a day of drinking and an argument, Kraich shot his wife as she was leaving their home.  She later escaped and went to a neighbor's home.  A sheriff's deputy responded to the neighbors' home, and saw that the left side of  Kraich's wife's face and her left eye were swollen.  There was blood on her neck and she had a bullet wound in her back.  She was airlifted to the hospital and survived.

1

Kraich was charged by information with attempted murder (Pen. Code §§ 664, 187, subd. (a)),[1] inflicting corporal injury on a spouse (§ 273.5, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)) and possession of ammunition by a felon (§ 30305, subd. (a)). The counts for attempted murder and corporal injury on a spouse were enhanced under section 12022.53, subdivision (d) for Kraich's personal use of a firearm, and all counts were enhanced under section 667.5, subdivision (b) because Kraich had served a term in prison in Idaho within five years of commission of the charged offenses.

After his initial plea of not guilty, Kraich reached an agreement with the prosecution to enter a guilty plea to one count of inflicting corporal injury on a spouse in violation of section 273.5, subdivision (a), enhanced for his personal use of a firearm and his infliction of great bodily injury as specified in section 12022.5, subdivision (a) and 12022.7, subdivision (e), for a total prison term of 12 years. The remaining charges and special allegations were to be dismissed. Following the requisite admonitions and waivers of rights, Kraich entered a no contest plea to the agreed charge and admitted the enhancements. Kraich was sentenced in accordance with the plea agreement to the aggravated term of four years in prison for corporal injury on a spouse with a four year enhancement for his personal use of a firearm and another consecutive four year enhancement for his personal infliction of great bodily injury. Permissible fees and fines were imposed. The victim was awarded $7,458.43 in restitution and Kraich was given 738 days of pre-sentence credit.

His appeal was timely.

## DISCUSSION

Based upon our review of the record, we have no reason to question the sufficiency of the court's advisements, Kraich's waivers or the explanation of the consequences of his plea. His plea appears to be free, knowing and voluntary. We have no reason to question the plea or the sentence imposed.

---

[1]Further statutory references are to the Penal Code unless otherwise noted.

Kraich's counsel has represented that he advised Kraich of his intention to file a *Wende* brief in this case and of Kraich's right to submit supplemental written argument on his own behalf. He has not done so. Kraich has also been advised of his right to request that counsel be relieved.

There was no error. Our full review of the record reveals no issue that requires further briefing.

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.

3